MARY LOUISE COLT, Aᴘᴘᴇʟʟᴀɴᴛ, *v.* ELEANOR HEARD, Aᴅᴍɪɴɪsᴛʀᴀᴛʀɪx, ᴇᴛᴄ., ᴏғ THOMAS SCOTT, Dᴇᴄᴇᴀsᴇᴅ, Rᴇsᴘᴏɴᴅᴇɴᴛ.

*Will — absolute legacy to one — remainder to another, if the property be not disposed of by first legatee — construction of.*

A testatrix, by her will, devised and bequeathed all the rest, residue and remainder of her estate "unto my beloved husband, Thomas Scott, but such part thereof as he may have at the time of his decease, I give, devise and bequeath unto my niece, Mary Louise Ledyard, and my nephew, Guy Carlton Ledyard." *Held,* that the husband took an estate for life in the property described in the will,

with power to sell and dispose of the same, so far as necessary to secure to himself the full beneficial enjoyment thereof, and that the nephew and niece were entitled to what might remain undisposed of by him at the time of his death.

APPEAL from an order of the surrogate of the county of New York, granting letters of administration, with the will annexed, upon the estate of Catharine Louise Scott, to Eleanor Heard, in her right as administratrix of the estate of Thomas Scott, deceased, and denying the application of Mary Louise Colt, formerly Mary Louise Ledyard, for such letters of administration.

*Lucius C. Ashley*, for the appellant. Thomas Scott took the entire fee simple by force of the word estate, and the subsequent limitation being repugnant thereto, is void. (*Jackson* v. *Robins*, 16 Johns., 537; *Pinckney* v. *Pinckney*, 1 Bradf., 271; *Jackson* v. *Bull*, 10 Johns., 18; *McLean* v. *McDonald*, 2 Barb., 534; *Norris* v. *Beyea*, 13 N. Y., 286; Fearn on Ex. Dev., 50; 6 Cruise's Dig., 369, tit. Dev., chap. 17, § 14: *Pells* v. *Brown*, Croke Jac., 590; *Preston* v. *Tennell*, Willes' R., 164.)

*Charles Matthews*, for the respondent.

DANIELS, J.:

The propriety of the order appealed from depends upon the construction which should be given to the will of Catharine Louise Scott, so far as it disposed of her residuary estate; and for the purpose of ascertaining what that should be, the third clause of the will alone requires consideration. Beyond that, there is nothing contained in the instrument which will afford any material assistance in the determination of the intention of the testatrix concerning this portion of her estate.

The third clause was expressed by her in the following terms: " I give and bequeath and give and devise all the rest, residue and remainder of my estate, real and personal, and wheresoever situate, unto my beloved husband, Thomas Scott; but such part thereof as he may have at the time of his decease, I give, devise and bequeath unto my niece, Mary Louise Ledyard, my nephew, Guy Carlton Ledyard." If the husband took the entire title to the residuary estate

of the testatrix under, it then the order made by the surrogate was correct. But if he did not, and the limitation over upon his decease was valid, then the order should have directed the letters, with the will annexed, to have issued to the appellant, who is the person named as Mary Louise Ledyard. That the testatrix anticipated her husband would have some portion of the estate left at the time of his decease, which would then be subject to her power of disposition, is evident from the declaration made by her concerning it; and that is not consistent with the existence of an intention to make him the absolute owner of the residue of her estate. If that had been her purpose, then, clearly, she would have provided for no further disposition of her property. The fact that she made such a provision indicates that she did not understand that she had given him her entire residuary estate. What appears to have been her intention was, to give him her real and personal property for the term of his life, with power to consume or dispose of it as that might become expedient or necessary to secure him its beneficial enjoyment. And when those objects were subserved, that the final residue should still be subject to her disposition and control, and become the property of her nephew and niece in the manner ultimately declared by her will. The probability of the existence of this intention is advanced by the fact, that she would naturally be more desirous that her own family relatives should in the end enjoy her estate than that it should pass to those of her deceased husband. Her design was, that he should have the benefit of her property while he lived, and at his decease that it should return again to her own immediate relatives. And as that was clearly her intention, it ought to be maintained by the courts, if that can be done consistently with the established principles of law. As far as it may be done, her intention, as it may be capable of being discovered from her will, should be carried into effect.

In this case the testatrix's design, as she has disclosed it, can be supported and enforced under the authorities applicable to it; for, in cases quite similar, the limitation over after the termination of the life of the party first intended to be provided for has been maintained. This was accomplished upon a full examination of the authorities in the case of *Smith* v. *Bell* (6 Peters, 68). The clause which was there the subject of consideration was in the following terms: "I give to

my wife, Elizabeth Goodwin, all my personal estate, whatsoever and wheresoever, and of what nature, kind and quality soever, after payment of my debts, legacies and funeral expenses, which personal estate I give and bequeath unto my said wife, Elizabeth Goodwin, to and for her own use and benefit and disposal, absolutely ; the remainder of the said estate, after her decease, to be for the use of the said Jesse Goodwin." The interest given by this clause to the wife of the testator was described in terms more consistent with the complete disposition of his personal estate in her favor, than those used in the instrument now before the court, and yet it was held that she took but an estate for life. In the course of his opinion upon which that case was decided, Marshall, chief justice, said that "these words give the remainder of the estate, after his wife's decease, to the son, with as much clearness as the preceding words give the whole estate to his wife. They manifest the intention of the testator to make a future provision for his son, as clearly as the first part of the bequest manifests his intention to make an immediate provision for his wife. If the first bequest is to take effect according to the obvious import of the words taken alone, the last is expunged from the will. The operation of the whole clause will be precisely the same as if the last member of the sentence were stricken out. Yet both clauses are equally the words of the testator, are equally binding, and equally claim the attention of those who may construe the will. We are no more at liberty to disregard the last member of the sentence than the first. No rule is better settled than that the whole will is to be taken together, and is to be so construed as to give effect, if it be possible, to the whole." (Id., 76.) In *Terry* v. *Wiggins* (47 N. Y., 512) the residuary clause was couched in terms equally as broad and comprehensive. By that the testator declared his purpose in the following form : "Also, I hereby bequeath to my said wife, Hannah Youngs, all other real and personal estate and effects that I may die possessed of, for her own personal and independent use and maintenance, with full power to sell or otherwise dispose of the same, in part or in the whole, if she should require it or deem it expedient so to do ; save and except the sum of $500, which I shall intrust to her to appropriate according to verbal instructions from me. And after her decease, I hereby authorize my executors, hereinafter named,

to invest whatever residue there may be of personal or real estate and effects in the hands of the trustees of the Congregational Society of Greenport aforesaid, to be by them placed out on good legal security, and the interest to be by them appropriated yearly to the support of preaching the gospel," etc. And it was held that the wife took but a life estate, with a power of disposition only, and consequently the limitation over was valid, and should be sustained.

In the course of his opinion, which was that of the entire court, Judge ALLEN held that "there is no repugnancy in a general devise to one person, in terms which would ordinarily convey the whole estate, and a subsequent provision giving the same estate to another person upon the happening of a contingent event. Such a disposition of personal property has been held valid, and the limitation over good."

"By the will, the wife took an estate for life, for the residue, with remainder over at her death to the religious society, with power in the wife, during the continuance of the life estate, to defeat the remainder by an act authorized by the testator, to wit, a valid disposal of the subject-matter of the devise." (Id., 518, 519.) So far as it can be considered applicable to this controversy, *Barnes* v *Hathaway* (66 Barb., 452) sustains the same view; and neither *Marvin* v. *Smith* (56 id., 600) nor *Taggart* v. *Murray* (53 N. Y., 233) is in conflict with it. The authorities bearing upon the construction which should be given to the will in this case are entirely consistent with the reasonable import of the clause as it was framed by the testatrix; and both require that it should be so construed as to maintain the intention she has indicated; that is, that her husband should enjoy the full benefit which he could derive from her estate while he lived, and upon his decease that it should return to and be owned by her own family relatives. The order made by the surrogate was therefore erroneous, and it should be reversed with costs, and an order should be entered directing the letters of administration, with the will annexed, to be issued to Mary Louise Colt, the appellant.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed, with costs; order entered directing letters of administration, with will annexed, to be issued to Mary Louise Colt, appellant.